UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------------x
WAYNE ROSE,

    Plaintiff,

 -against-

MICHAEL WEEKS, JR.; MICHAEL WEEKS, SR.;
BELLACICCO DISTRIBUTION CORP.;
PECHTERS BAKING GROUP, LLC;
FINK DISTRIBUTORS, INC.; TONY CHIN;
ROUTE WORLD BROKERS, INC.; KENNETH LEIF;
ROBERT MORRISON; FRANK MURPHY;
EILEEN ROSE; MICHAEL ANDREACCIO;
and JOHN DOE,

    Defendants.
-----------------------------------------------------------------x
WAYNE ROSE,

    Plaintiff,

 -against-

TONY CHIN,

    Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

**09-CV-3393 (NGG)**

**09-CV-3707 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

 Pro se Plaintiff Wayne Rose ("Plaintiff") brought the above-captioned actions against private individuals and corporations. The court granted his requests to proceed in forma pauperis. In two Orders dated September 10, 2009 ("September Orders"), the court directed Plaintiff to amend his Complaints in order to assert a valid basis for this court's subject matter jurisdiction over his claims. See Rose v. Weeks, No. 09-CV-3393 (NGG) ("Rose I"), Memorandum & Order (Docket Entry # 5) (E.D.N.Y. Sept. 10, 2009); Rose v. Chin, No. 09-CV-3707 (NGG) ("Rose II"), Memorandum & Order (Docket Entry # 4) (E.D.N.Y. Sept. 10, 2009).

The September Orders summarized the allegations in the two Complaints, familiarity with which is assumed. In the Rose I Complaint, Plaintiff asserted twenty causes of action asserting various state law claims and civil rights violations. (Compl. (Docket Entry #1) ¶¶ 50-160).) In Rose I, the court found that all of the defendants were private entities and not state actors who could be held liable for civil rights violations under 42 U.S.C. § 1983. Rose I, at *4.

In the Rose II Complaint, Plaintiff asserted three causes of action: (1) constitutional violations under 42 U.S.C. § 1983, (2) a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and (3) defamation under New York State law. (Compl. (Docket Entry #1) ¶¶ 15-17, 28, 31-32, 43-46.) In Rose II, the court found that the sole Defendant Tony Chin was not alleged to be a state actor or to have acted under color of state law and thus he could not be held liable for any alleged violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Rose II, at *5. The court also found that Plaintiff failed to state a claim against Defendant under the FCRA. Id. at *7.

As each Complaint failed to present any federal question that could establish the court's jurisdiction under 28 U.S.C. § 1331, the court turned to 28 U.S.C. § 1332, which provides for diversity jurisdiction. Diversity jurisdiction requires that the plaintiff's citizenship be different from the citizenship of each defendant. Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). In his Complaints, Plaintiff alleged that the majority of the Defendants in Rose I and the sole Defendant in Rose II are residents of New York State, but he failed to allege his own citizenship. In consideration of Plaintiff's pro se status, the court granted thirty days leave to amend the Complaints and identify his domicile. Based on Plaintiff's submissions, each case is determined as follows.

2

## I. Rose I

On October 5, 2009, Plaintiff filed an Amended Complaint in Rose I. (Docket # 6.) In the Amended Complaint, Plaintiff asserts that he is a resident of the State of New York. (Amended Compl. ¶ 4.) Because some of the Defendants in Rose I are also residents of New York State, the parties do not have complete diversity of citizenship. Plaintiff, therefore, cannot establish diversity jurisdiction in Rose I and the Complaint must be dismissed. See 28 U.S.C. § 1332(a)(1); Fed. R. Civ. P. 12(h)(3).

## II. Rose II

In Rose II, Plaintiff has not filed an amended complaint and more than 30 days have passed. But, in an "Affidavit in Support of Ex-Parte Motion to Amend and Consolidate" filed in Rose I (Docket Entry # 7), Plaintiff moves to consolidate Rose II with Rose I. He also requests voluntary dismissal of the first two causes of action in Rose II, which were previously dismissed for failing to state a claim, thereby leaving only his third cause of action for state law defamation. For the purposes of this Memorandum & Order, the court considers this Motion as filed in Rose II. Accordingly, the court grants Plaintiff's request and consolidates Rose II's remaining defamation claim into Rose I.

Because Rose I is dismissed for lack of subject matter jurisdiction for the reasons stated above, this claim must also be dismissed for lack of subject matter jurisdiction as part of that case. The defamation claim does not independently afford a basis for asserting subject matter jurisdiction over Rose I.

But, even if Rose II were not consolidated into Rose I, the remaining action in Rose II would still have to be dismissed. Plaintiff and the sole Defendant in Rose II are not diverse. In his Amended Complaint to Rose I, Plaintiff alleges that he is a resident of the State of New York

3

(Amended Compl. ¶ 4.) The sole Defendant in Rose II is also a resident of New York. Plaintiff, therefore, cannot establish diversity jurisdiction in Rose II. See 28 U.S.C. § 1332(a)(1). Accordingly, Rose II is dismissed.

## III. CONCLUSION

For the reasons stated above, Rose II is consolidated into Rose I, pursuant to Plaintiff's consolidation request. Rose I is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is directed to close both cases. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2009

s/Hon. Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

4